GEORGE A. STARKWEATHER, Jr., APPELLANT, v. ISAAC H. BRONNER, RESPONDENT.

*Allegations as to fraud in contracting a debt — when they cannot be stricken out as irrelevant.*

APPEAL from an order striking out a portion of the plaintiff's complaint.

The complaint set forth a cause of action for goods sold, upon which the sum of $200 was claimed to be due at the time when the suit was commenced, and in addition to that seven promissory notes amounting to the sum of $658.95 which were not due at the time when the summons was served. For the purpose of recovering upon these demands, allegations were made in the complaint, showing that the debt had been fraudulently contracted, and the credit fraudulently induced, and it was these allegations which were stricken out by the order from which this appeal was taken.

The court at General Term said: "In order to recover in the case, on the demands by their terms not due, it will be essential upon the trial, that the plaintiff shall establish as a matter of fact, that he was induced to give the credit which was given in form upon those debts, in consequence of fraudulent representations made by the defendant. Without them it is clear that no right of action existed upon those notes at the time when the suit was commenced. Striking out these allegations, therefore, has placed the complaint in such a condition as to show that the plaintiff has no right whatever to recover upon those demands, and even though the credit may have been fraudulently induced, he will not be allowed to establish that fact by evidence upon the trial in the absence of these allegations in the complaint. The case, in this respect, differs from that of *The National Bowery Bank* v. *Duryea* (55 How., 88), and since affirmed by the Court of Appeals, where the allegations of fraud were made simply for the purpose of enabling the plaintiff to hold the defendant to bail. Here no such object was desired to be attained by means of these allegations, but their purpose was to show that the defendant was

not entitled to the credit, which in form had been procured by him, in consequence of the fact that it was induced by false and fraudulent representations. To entitle him to recover upon those demands upon the trial of the cause, evidence must be given showing that such fraud had been perpetrated. Without allegations setting forth this fact in the complaint, no such proof can be given upon the trial of the case. Consequently, the order striking out these allegations from the complaint was erroneously made."

*J. J. Perry*, for the appellant. *F. S. Hahn*, for the respondent.

Opinion by DANIELS, J. BRADY, P. J., and INGALLS, J., concurred.

Order reversed and an order entered denying the motion, with ten dollars costs and disbursements.